## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| Robin Outler, | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF** |
| Southwest Credit Systems, LP, | |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

### PARTIES

1. Plaintiff, Robin Outler ("Robin"), is a natural person who resided in Brookhaven, Pennsylvania, at all times relevant to this action.

2. Defendant, Southwest Credit Systems, LP ("SWC"), is a Texas limited partnership that maintained its principal place of business in Carrollton, Texas, at all times relevant to this action.

### JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because Defendant resides in this judicial district.

## STATEMENT OF FACTS

5. Before SWC began contacting Robin, it and Robin had no prior business relationship and Robin had never provided express consent to SWC to be contacted on her cellular telephone.

6. SWC regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of SWC's revenue is debt collection.

8. SWC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, SWC contacted Robin to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Robin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, SWC began calling Robin on Robin's cellular phone (ending in 5052) in connection with the collection of a debt.

13. Shortly after the calls began, Robin communicated Robin's desire that SWC cease calling Robin.

14. Despite this communication, SWC continued to call Robin on Robin's cellular phone in connection with the collection of a debt, sometimes multiple times a day.

15. On at least one occasion, Robin explained to SWC that Robin didn't owe the debt; however, SWC talked over Robin and told Robin that Robin needed to pay or the debt would be reported on Robin's credit.

16. SWC's continued calls caused Robin emotional distress in the form of frustration, annoyance, aggravation and anxiety.

17. SWC's collection efforts also intruded upon Robin's privacy.

18.   In addition, each time SWC placed a telephone call to Robin, SWC occupied Robin's telephone number such that Robin was unable to receive other phone calls at that telephone number while SWC was calling her.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19.   Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 18 above as if fully set forth herein.

20.   Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21.   Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 18 above as if fully set forth herein.

22.   Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23.   Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 18 above as if fully set forth herein.

24.   Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violation of the Telephone Consumer Protection Act

25.  Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 18 above as if fully set forth herein.

26.  Senator Fritz Hollings, the original sponsor of the TCPA, stated:

> Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.

137 Cong. Rec. 30,821 (1991).

27.  The TCPA defines an automatic telephone dialing system ("ATDS") as "equipment which has the capacity…(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).

28.  "[A] predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls.  The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers."  *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

29.  A predictive dialer is an ATDS within the meaning of the TCPA. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7973, ¶ 13 (2015); *see also In the Matter of Rules &*

*Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.

Rcd. 14014, 14091-4093 (2003); *In the Matter of Rules & Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 23 F.C.C. Rcd. 559, 562-63 (2008).

30.   The TCPA provides, in part:

> (b)  RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE
> EQUIPMENT.—
>
>> (1) PROHIBITIONS.—It shall be unlawful for any person within the United
>> States, or any person outside the United States if the recipient is within the United
>> States—
>>
>>> (A) to make any call (other than a call made for emergency purposes or
>>> made with the prior express consent of the called party) using any
>>> automatic telephone dialing system or an artificial or prerecorded voice—
>>>
>>> * * *
>>>
>>>> (iii) to any telephone number assigned to a paging service, cellular
>>>> telephone service, specialized mobile radio service, or other radio
>>>> common carrier service, or any service for which the called party is
>>>> charged for the call…

47 U.S.C. §§ 227(b)(1)(A)(iii).

31.   The term "called party," as used in Section 227(b)(1)(A) of the TCPA, refers to the

subscriber or the regular user of the called number at the time the telephone call is made.

*See In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7691, 7999-8000, ¶

72-73 (2015).

32.   Plaintiff was the "called party in each telephone call Defendant place to Plaintiff's cellular

phone.

33.   The "called party" may revoke and prior consent to be called on their cellular phone in any

reasonable manner. *In the Matter of Rules and Regulations Implementing the Telephone*

*Consumer Protection Act of 1991*, Declaratory Ruling and Order, 30 FCC Rcd. 7961, 7993, ¶ 55 (2015).

34. Defendant violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time using an ATDS and/or an artificial or prerecorded voice to call Plaintiff on her cellular telephone without Plaintiff's prior express consent or after such consent had been revoked.

35. In addition, The TCPA provides, in part:

> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

36. The Communications Act of 1943, of which the TCPA is a part, defines "willful" as "the conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision[], rule or regulation...."  47 U.S.C. § 312(f).

37. In order to establish a "willful" or "knowing" violation of the TCPA, a plaintiff need not demonstrate that the defendant intended to violate the statute, or that it knew or should have known it was violating the statute.  *See Roylance v. ALG Real Est. Servs., Inc*. 2015 U.S. Dist. LEXIS 44930, *31 (N.D. Cal. Mar. 16, 2015); *Bridgeview Health Care Ctr. Ltd. v. Clark*, 2013 U.S. Dist. LEXIS 37310, *21-22 (N.D. Ill. Mar. 19, 2013); *Steward v. Regent Asset Mgmt. Solutions, Inc.*, 2011 U.S. Dist. LEXIS 50046, *18-20 (N.D. Ga. 2011).

38. Instead, a plaintiff need only show that the defendant engaged in a "voluntary act" that violated the TCPA.  *See Bridgeview*, 2013 U.S. Dist. LEXIS, at *21-22; see also *Roylance*, 2015 U.S. Dist. LEXIS, at *31 (intentionally making phone calls that violated TCPA, without intent to violate the statute, was sufficient to warrant treble damages).

39. Defendant voluntarily placed telephone calls to Plaintiff's cellular telephone number using an ATDS and/or an artificial or prerecorded voice.

40. Defendant's violations of 47 U.S.C. § 227(b)(1)(A) were willfully and knowingly made.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

42. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b.  An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

    c.  Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

Date:  June 4, 2016           By:    /s/ Jeffrey S. Hyslip           

                                Jeffrey S. Hyslip, Esq. (Ohio Bar No. 0079315)
                                1100 W. Cermak Rd., Suite B410
                                Chicago, IL  60608
                                Phone: 312-380-6110
                                Fax: 312-361-3509
                                Email: jeffrey@lifetimedebtsolutions.com
                                Attorney for Plaintiff